IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA BRANCA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 13-740 |
| LIBERTY LIFE ASSURANCE CO. OF BOSTON, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                          May 15, 2014

      Plaintiff has applied for attorney's fees in this case, the pertinent history of which is set forth in this court's opinion dated April 3, 2014 granting summary judgment in part, and remanding for determination with respect to liability under the "Any Occupation" provision of the policy.

      Both parties cite <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 560 U.S. 242, 130 S. Ct. 2149 (2010) and <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670 (3d Cir. 1983). Plaintiff, however, makes no analysis of the <u>Ursic</u> five factors (except as to deterrent value) in her brief, but simply sets forth services performed, hourly rates sought and a conclusion – the full amount of the fees should be awarded.

      There is no question that plaintiff has achieved "some degree of success on the merits", permitting this court in its discretion to allow reasonable attorney's fees and costs. The appropriate section of ERISA, 502(g)(1) does not however automatically mandate an award of fees.

The five policy factors to be considered are:

(1)   the offending parties' culpability or bad faith;

(2)   the ability of the offending parties to satisfy an award of attorneys' fees;

(3)   the deterrent effect of an award of attorneys' fees against the offending parties;

(4)   the benefit conferred on members of the pension plan as a whole; and

(5)   the relative merits of the parties' position.

Particularly helpful in the application of the five Ursic factors is McPherson v. Employees' Pension Plan, 33 F.3d 253 (3d Cir. 1994).

In reviewing the present case, there simply is no evidence of bad faith on the part of defendant. But as McPherson instructs, the court's inquiry does not end there. It must also consider the culpability of defendant. This inquiry is a more difficult one because the very essence of a finding in favor of plaintiff is that defendant's actions were arbitrary and capricious.

McPherson explains culpable conduct as follows:

> A losing party may be culpable, however, without having acted with an ulterior motive. In a civil context, culpable conduct is commonly understood to mean conduct that is "blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault.... Such conduct normally involves something more than simple negligence.... [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose."

The McPherson court went on to explain that a party is not culpable merely because it has taken a position that did not prevail. Defendant did take a position that did not prevail.

This court found that its review of plaintiff's claim was selective and incomplete, failed to consider plaintiff's award of disability benefits from the Social Security Administration, and based its occupational analysis on an inaccurate description of plaintiff's "Own Occupation"

2

under the policy.  Finally, it was both insurer and administrator of the policy.  The totality of these factors led the court to find defendant's decision to be arbitrary and capricious.

Under the <u>McPherson</u> definition, the court finds in this case evidence that defendant's conduct was careless in that it could have done more to square its assessment with information that tended to undermine its findings.  It was wrong and reprehensible (which the court's decision in favor of plaintiff recognizes), but it did not involve any malice or guilty purpose that this court could glean from the record on summary judgment.

This first <u>Ursic</u> factor weighs in favor of defendant.

As to the second factor, defendant concedes its ability to pay.

As to the third <u>Ursic</u> factor, it is hard to determine what if any effect an award of attorney's fees would have in preventing the type of carelessness the court has found in this case.  Frankly, this factor is evenly balanced.  An award of fees should encourage defendant to review its policies but whether this would deter carelessness in the future is questionable.

As to the fourth <u>Ursic</u> factor, the plaintiff in this case did not confer a common benefit or resolve a significant legal question regarding ERISA.

As to the fifth factor, the relative merits of the parties positions, defendant is correct in stating that no evidence supports a finding that its position was totally without merit.

Based on my analysis of the <u>Ursic</u> factors, only one of which conclusively supports plaintiff's fee petition and defendant's ability to pay, plaintiff's motion will be denied.